# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### ANTWON COOK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for McMinn County**
**Nos. 04027 and 04025     Amy F. Reedy, Judge**

---

**No. E2014-00291-CCA-R3-ECN - Filed June 23, 2014**

---

The pro se petitioner, Antwon Cook, appeals as of right from the McMinn County Criminal Court's order denying his petition for writ of error coram nobis. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the McMinn County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Antwon Cook, Lewisburg, Pennsylvania, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record reflects that, on March 10, 2006, the petitioner pleaded guilty in the McMinn County Criminal Court to one count each of carjacking and felony evading arrest and received a sentence of eight years' confinement. On December 3, 2013, the petitioner filed a petition for writ of error coram nobis alleging that his guilty plea was involuntary and the result of the denial of counsel at the hearing and that the sentences imposed were to be served concurrently to previously imposed state and federal sentences. On January 17, 2014, the trial court summarily dismissed the petition for failure to raise a claim of coram nobis

relief.  The petitioner filed a timely notice of appeal

The writ of error coram nobis, which originated in common law five centuries ago, "'allowed a trial court to reopen and correct its judgment upon discovery of a substantial factual error not appearing in the record which, if known at the time of judgment, would have prevented the judgment from being pronounced.'" *State v. Wlodarz*, 361 S.W.3d 490, 496-97 (Tenn. 2012) (quoting *State v. Mixon*, 983 S.W.2d 661, 666-67 (Tenn. 1999)).  The writ, as first codified in Tennessee in 1858, was applicable to civil cases.  *Id.* at 498.  In 1955, a statutory version of the writ of error coram nobis was enacted, making the writ also applicable to criminal proceedings.  *Id.*  In general, the writ "is an *extraordinary* procedural remedy . . . [that] fills only a slight gap into which few cases fall." *Mixon*, 983 S.W.2d at 672.

Currently, the writ is codified in Tennessee Code Annotated section 40-26-105:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding.  Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has held that a conviction pursuant to a guilty plea falls within a broad interpretation of a "trial" for the purposes of the aforementioned statute.  *Wlodarz*, 361 S.W.3d at 503.

Our supreme court outlined the procedure that a trial court considering a petition for a writ of error coram nobis is to follow:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence *may have* led to a different result.

*State v. Vasques,* 221 S.W.3d 514, 527 (Tenn.2007).  In determining whether the new information may have led to a different result, the question before the court is "'whether a

reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different.'" *Id.* (quoting *State v. Roberto Vasques*, No. M2004–00166–CCA–R3–CD, 2005 WL 2477530, at * 13 (Tenn. Crim. App. at Nashville, Oct. 7, 2005)).  Generally, a decision whether to grant a writ of error coram nobis rests within the sound discretion of the trial court.  *Id.*

A writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court.  Tenn. Code Ann. § 27-7-103.  Clearly, the instant petition was filed well beyond the one-year statute of limitations.  The petitioner failed to allege any basis for due process tolling. Furthermore, as the trial court ruled, the allegations raised by the petition did not present a colorable claim for coram nobis relief but, instead, raised allegations more appropriate to a petition for post-conviction relief.  Therefore, we conclude that the trial court committed no abuse of discretion in denying the petition for writ of error coram nobis.

Accordingly, we affirm the judgment of the McMinn County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE